IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL
RIGHTS AS TO D.J.C. AND J.A.C., JR.,
MINOR CHILDREN.

No. 81524

JASON A.C., SR.,
Appellant,
vs.
HEATHER M.G.,
Respondent.

FILED

APR 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order terminating appellant's parental rights.[1] Fourth Judicial District Court, Elko County; Alvin R. Kacin, Judge.

To terminate parental rights, the district court must find clear and convincing evidence that (1) at least one ground of parental fault exists, and (2) termination is in the child's best interest. NRS 128.105(1); *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). On appeal, this court reviews questions of law de novo and the district court's factual findings for substantial evidence. *In re Parental Rights as to A.L.*, 130 Nev. 914, 918, 337 P.3d 758, 761 (2014). Substantial evidence is that which "a reasonable person may accept as adequate" to

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

21-11121

support a conclusion. *Ellis v. Carucci*, 123 Nev. 145, 149, 161 P.3d 239, 242 (2007).

We conclude that substantial evidence supports the district court's determination that clear and convincing evidence demonstrated appellant's parental unfitness.[2] *See* NRS 128.105(1)(b)(3) (listing parental unfitness as an appropriate basis for terminating parental rights). The record supports that appellant's various abusive and violent actions stemming from his inability to control his anger prevented him from providing his children with proper care, guidance, and support. *See* NRS 128.018 (defining an unfit parent as "any parent of a child who, by reason of the parent's fault or habit or conduct toward the child or other persons, fails to provide such child with proper care, guidance and support").

Beyond his anger issues, the record shows specific instances where appellant was physically and/or emotionally abusive to the children. *See* NRS 128.106(1)(b) (providing that "[c]onduct toward a child of a physically, emotionally or sexually cruel or abusive nature" is relevant to determining unfitness). For example, appellant put J.A.C.'s head in a doorjamb to prevent respondent from locking herself inside her house. He then dropped the child on the tile floor as respondent attempted to flee and left the child alone while he beat respondent repeatedly. Even if we were to ignore appellant's violence against respondent, for which he was convicted of battery constituting domestic violence, appellant demonstrated

---

[2]Because only one ground of parental fault is required to support the termination of parental rights, *see* NRS 128.105(1)(b) (requiring a finding of at least one ground of parental fault), we need not review the district court's other finding of parental fault.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

egregious conduct toward his own child during the incident. Appellant's sister also testified that appellant would get agitated and angry whenever his children attempted to show him affection. And, on at least one occasion, appellant returned J.A.C. and D.J.C. with significant bruising after a 24-hour visit; D.J.C. had cigarette burns on her back as well.

Appellant also pushed his live-in girlfriend's four-year-old child into a toilet, severely injuring the child's head. Appellant was convicted of attempted battery resulting in substantial bodily harm, a felony. He testified at the termination trial that he accidentally pushed the child after tripping; however, his sister testified that he said he pushed the child while in a rage and that he did not go check on the child. See NRS 128.106(1)(f) (providing that a felony conviction is relevant to unfitness considerations if the underlying facts "indicate the unfitness of the parent to provide adequate care and control to the extent necessary for the child's physical, mental or emotional health and development").

Substantial evidence also supports the district court's findings regarding the best interest of the children. Appellant did not present evidence refuting the district court's findings that respondent and her new husband have established a stable environment, in which the children are currently thriving. See NRS 128.005(2)(c) ("The continuing needs of a child for proper physical, mental and emotional growth and development are the decisive considerations in proceedings for termination of parental rights."). Respondent's husband has established father-child bonds with the children and seeks to adopt them. The couple is comfortably able to provide for the needs of J.A.C. and D.J.C. Indeed, appellant's own sister testified that the children are "in a very good home," with "a very good, solid foundation."

Thus, we conclude that substantial evidence supports the district court's decision to terminate appellant's parental rights. We therefore,

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:     Hon. Alvin R. Kacin, District Judge
        Hillewaert Law Firm
        Gerber Law Offices, LLP
        Elko County Clerk